(70 South. 99)

No. 20453.

VIAVANT v. BONNEVAL et al.

(Nov. 15, 1915.)

*(Syllabus by the Court.)*

LIBEL AND SLANDER ⬡⟲140—JACTITATION SUIT—POSSESSION—RIGHT TO JUDGMENT.

Where plaintiff in a jactitation suit shows actual possession, for many years, as owner, of land of which the defendant in such suit has claimed to be the owner, he (plaintiff) is entitled to judgment protecting such possession.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 397–401; Dec. Dig. ⬡⟲ 140.]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Mrs. Widow Henry Viavant against Pierre Bonneval and others. From a judgment for plaintiff, defendants appeal. Affirmed.

George Montgomery and Peter Stifft, both of New Orleans, for appellants. Buck, Walshe & Buck, of New Orleans, for appellee.

## Statement of the Case.

MONROE, C. J. This is an action of slander of title, in which plaintiff alleges that she is the owner, in possession, of—

"two certain tracts of land, with improvements thereon, on Gentilly Road, * * * about 2½ leagues below this city, designated by the numbers 19 and 20 on plan of D'Hemicourt, dated June 21, 1837, * * * measuring each 1 arpent front on Gentilly Road, by 19⅓ arpents in depth, running towards Lake Ponchartrain."

She prays that defendants be cited, and that she have judgment quieting her possession and condemning defendants to desist from their slander, or else, if they claim title, to assert the same in this, or another, suit.

Defendants are sister and brother, and they have filed separate answers, which are, however, identical in terms, and each of them claims the same relief, and the whole relief. They say that they do not deny plaintiff's title to the lots 19 and 20, "according to

the plan of D'Hemicourt, dated June 21, 1837, or that said lots measure each 1 arpent front on Gentilly Road by 19⅓ arpents in depth," but they allege that, according to said plan, the lots lie upon the river, and not on the lake, side of Gentilly Road, as alleged by plaintiff. Assuming the character of plaintiffs in reconvention, they further allege that their father, Joseph Alexander Bonneval, acquired, by purchase, from Joachim Bermudez and Jean Baptiste Maureau, on February 12, 1837, "a certain lot of ground in the parish of Orleans, and at Gentilly, designated by the number 11, on the plan of Allon D'Hemicourt, dated January 21, 1837, which lot measures 1 arpent front on Gentilly Road by a depth, between parallel lines, of 20 arpents," and that, as heirs of their father and mother, they were sent into possession of said lot by judgment of the civil district court, of date March 14, 1910. They further allege that plaintiff has slandered their title to said lot by claiming to be the owner of the same, "by virtue of her acquisition of lots 19 and 20," which, they allege—

"are on opposite sides of Gentilly Road, according to the very plan of Allon D'Hemicourt referred to by * * * defendant in reconvention in describing her chain of title and mode of acquisition."

They pray for judgment quieting their possession of lot No. 11, condemning plaintiff to desist from slandering the same and to pay them damages.

## Opinion.

It will be seen, from the foregoing, that defendants assume that the "plan of D'Hemicourt, dated June 21, 1837," referred to in plaintiff's petition as the plan by which her lots 18 and 19 were acquired, is the same as "the plan of Allon D'Hemicourt, dated January 21, 1837," whereby they allege that their lot No. 11 was acquired; but they have failed to sustain that assumption by proof, and, in fact, have not shown the existence of any such plan (dated January 21, 1837), nor

have they shown that they have been in actual possession of any such lot as lot 11. On the other hand, plaintiff has shown that she and her authors have been in possession, as owners, for 30 years, or more, of certain lots on the north side of Gentilly Road, extending back in the direction of the lake, which are identified as the lots about which this controversy has arisen; and, for the purpose of this suit, she is entitled to protection of that possession. The court a qua gave judgment to that effect, rejected the reconventional demand set up by defendants, and reserved plaintiff's right to sue for damages; and that judgment is now affirmed.